WYC:RMT
F.#2010R01905

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# M-10-1314

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

AHMED MUSAWIR,

            Defendant.

- - - - - - - - - - - - - - - - -X

TO BE FILED UNDER SEAL

AFFIDAVIT AND COMPLAINT
IN SUPPORT OF
ARREST WARRANT

(T. 18, U.S.C., § 1344)

EASTERN DISTRICT OF NEW YORK, SS:

       JOSEPH WISNESKI, being duly sworn, deposes and states that he is a Postal Inspector with the U.S. Postal Inspection Service, duly appointed according to law and acting as such.

       Upon information and belief, in or about and between May 2010 and June 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant AHMED MUSAWIR, together with others, did knowingly and intentionally execute a scheme and artifice to defraud one or more financial institutions and to obtain moneys, funds and assets under the custody and control of one or more financial institutions by means of materially false and fraudulent pretenses, representations and promises.

       (Title 18, United States Code, Section 1344)

The source of your affiant's information and the grounds for his belief are as follows:

1.   I am a Postal Inspector with the U.S. Postal Inspection Service.  I have been a Postal Inspector since 2007. I am currently serving on the Nassau/Queens multifunctional team, which focuses on external crimes involving mail theft, identity fraud, bank fraud, mail fraud and wire fraud.  I have also participated in numerous investigations involving credit card fraud.

2.   This affidavit is based upon my personal knowledge and observations, my review of records, including numerous financial records, my review of photographs and surveillance footage, and on my conversations with other law enforcement agents and witnesses.  Because the purpose of this complaint is merely to establish probable cause to arrest, I have not set forth all of the facts and circumstances concerning this investigation of which I am aware.  Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

BACKGROUND

3.    A credit card or bank "bust-out" scheme is a form of fraud in which individuals fraudulently manipulate credit lines to access cash and to purchase merchandise and services with no intent to pay back the lenders.

4.    To maintain or increase the credit line associated with a credit card, individuals involved in credit card bust-out schemes sometimes make payments using bank accounts with insufficient funds.  Typically, the credit card companies will immediately credit those payments to the individual's account -- thereby decreasing the outstanding balance and increasing the limits of the credit cards -- before the banks return the payment based on insufficient funds.  During the brief period of time between when the bank receives the payments and when it is notified that the payments are being returned based on insufficient funds, the individual can continue to withdraw cash and/or make purchases using the credit cards.

5.    Bust-out schemes result in a process called a "charge-off," which forces a bank to absorb the outstanding account balance as a loss.

INVESTIGATION

6.    The defendant AHMED MUSAWIR first came to the attention of investigators after they were contacted by numerous credit card companies about a series of suspicious charges and

cash advances on cards in the defendant's name.   During the investigation that followed, I and other agents interviewed credit card company representatives and assembled and reviewed copies of bank records and credit card bills belonging to the defendant.    Set  forth  below  are  some  of  the  suspicious transactions we observed.

7.   On or about May 11, 2010, the defendant AHMED MUSAWIR took an $8,300 cash advance on a AAA Visa credit card issued in his name and transferred that sum to a Wachovia bank account in his name.  The limit on that credit card was $9,300.

8.   On or about May 12, 2010, the defendant AHMED MUSAWIR took a $3,850 cash advance on a Bank of America credit card issued in his name and transferred that sum to his Wachovia bank account.  The limit on that credit card was $29,200.

9.   On or about May 19, 2010, the defendant AHMED MUSAWIR took a $15,000 cash advance on a Digital Federal Credit Union credit card issued in his name and transferred that sum to a Digital Federal Credit Union savings account in his name.   The limit on that credit card was $15,000.  On or about May 20, 2010, MUSAWIR  withdrew  $15,064.30  from  that  savings  account  and deposited that sum into his Wachovia account.

10.  On or about May 24, 2010, the defendant AHMED MUSAWIR took a $26,500 cash advance on a Citibank credit card in

his name and transferred that sum into his Wachovia account.   The limit on that credit card was $27,715.

11.   On or about June 3, 2010, the defendant AHMED MUSAWIR made two international fund transfers totaling $60,000 out of his Wachovia account.   On or about that same date, MUSAWIR made a withdrawal of $14,500 from that account at a Wells Fargo Bank located at 49 Rockefeller Plaza, New York, New York.   At the time of making that withdrawal, MUSAWIR presented a Georgia driver's license bearing the name "Ahmed Rahat Musawir" and the defendant's photograph.   Bank records show that through that withdrawal and those two international fund transfers, MUSAWIR's Wachovia account balance dropped from $75,137.02 on or about June 2, 2010 to $557.02 on or about June 3, 2010.

12.   Beginning on or about June 8, 2010 and during the two weeks that followed, the defendant AHMED MUSAWIR's Wachovia account reflects approximately 50 attempted payments of various credit cards.   These attempted payments were often for large sums in excess of $10,000.   All were returned for insufficient funds. Among the payments attempted with insufficient funds was at least one $9,000 payment on or about June 10, 2010 on the AAA Visa card on which MUSAWIR had taken an $8,300 cash advance on or about May 11, 2010.   No other transactions occurred during this period.

13.   Investigators also have determined that the defendant AHMED MUSAWIR used that same AAA Visa card to make a

$518.84 payment on a room where he was staying at a Days Inn hotel located at 76-01 Queens Boulevard, Queens, New York. Hotel records reflect that MUSAWIR checked in at that hotel on or about May 21, 2010. At that time, he presented a Georgia driver's license bearing the name "Ahmed Rahat Musawir" and the defendant's photograph. He remained at that Days Inn until on or about June 14, 2010.

14. In addition to the cash advances set forth above, the defendant AHMED MUSAWIR's credit card records reflect that during this same time period between May 2010 and June 2010, large sums were charged on the defendant's credit cards by a company with an address in Brooklyn, New York. These charges included $10,920.29 on the same Bank of America credit card on which MUSAWIR had taken a $3,850 cash advance on or about May 12, 2010, as well as approximately $29,000 on the Federal Credit Union credit card on which MUSAWIR had taken a $15,000 cash advance on or about May 19, 2010.

15. As of this date, the known loss to the various affected banks and credit card companies of this apparent bust-out scheme is approximately $162,000.

WHEREFORE, your deponent respectfully requests that an arrest warrant issue for the defendant AHMED MUSAWIR so that he may be dealt with according to law, and that this Affidavit and the arrest warrant be filed under seal to prevent the flight of the defendant and other subjects of the investigation and the destruction of evidence.

Joseph Wisneski
Postal Inspector
U.S. Postal Inspection Service


Sworn to before me this
5th day of November, 2010


UNITED          S/Cartey          DGE
EASTERN                           K